# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

ROBIN DIANE HARRIS,                     )
      Plaintiff,                              )
                         )
            v.                              )      CAUSE NO. 3:15-CV-511-JEM
                         )
COMMISSIONER OF SOCIAL                  )
SECURITY, sued as Carolyn W. Colvin,    )
      Defendant.                          )

## OPINION AND ORDER

This matter is before the Court on a Complaint, filed by Plaintiff on November 2, 2015, and on Plaintiff's Social Security Brief in Support of Remand for Further Proceedings [DE 14], filed by Plaintiff on February 15, 2016. The Commissioner filed a response to Plaintiff's brief on February 15, 2016, and Plaintiff filed a reply on June 6, 2016.

## I.      Procedural Background

In November 2012, Plaintiff applied for disability insurance benefits with the United States Social Security Administration ("SSA"), alleging that she had become disabled as of September 28, 2009. Plaintiff later amended her onset date to August 22, 2010. Plaintiff's claim was denied initially and on reconsideration. On March 24, 2014, Administrative Law Judge ("ALJ") William D. Pierson held a hearing at which Plaintiff, represented by a non-attorney representative and an attorney, and a vocational expert ("VE") testified. On July 11, 2014, the ALJ issued a decision denying Plaintiff benefits on the ground that Plaintiff was not disabled.

In the opinion, the ALJ made the following findings under the required five-step analysis:

1.      The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.

2.      The claimant had not engaged in substantial gainful activity since August 22, 2010, the alleged onset date.

3.  The claimant had the following severe impairments: cervical degenerative disc disease; cervical and thoracic myofascial syndrome; cervicalgia; obesity; and occiptial neuritis headaches.

4.  The claimant did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5.  The claimant had the residual functional capacity ("RFC") to perform light work, except that she could not climb ropes, ladders, or scaffolds, and she could only occasionally crawl, crouch, kneel, and stoop.

6.  The claimant was unable to perform any past relevant work.

7.  As of the alleged disability onset date, the claimant was 50 years old, which is defined as an individual closely approaching advanced age.

8.  The clamant has a limited education and is able to communicate in English.

9.  Transferability of job skills was immaterial to the disability determination because Plaintiff was "not disabled" under the Medical-Vocational rules irrespective of whether she had transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant was not under a disability, as defined in the Social Security Act, from August 22, 2010, through the date of the ALJ's decision.

On September 9, 2015, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. On November 2, 2015, Plaintiff filed the underlying Complaint seeking reversal of the adverse SSA determination.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the SSA and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55

F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must

"'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing

court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful

review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see

also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of

evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski

v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into

the reasoning behind [the] decision to deny benefits.").

## III.    Disability Standard

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry

to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not

disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have

an impairment or combination of impairments that are severe? If not, the claimant is not disabled,

and the claim is denied; if yes, the inquiry proceeds to step three; (3) Does the impairment meet or

equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically

considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the

claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no,

then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's

residual functional capacity, age, education, and experience? If yes, then the claimant is not

disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v),

416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (citing SSR 96-8p, 1996 WL 374184 (July 2, 1996); 20 C.F.R. § 404.1545(a)) (other citations omitted). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## IV. Analysis

Plaintiff argues that the ALJ erred at step three and in considering Plaintiff's RFC. The Commissioner contends that the ALJ's opinion was appropriate and supported by substantial evidence.

### A. Listing 11.03

Plaintiff contends that the ALJ should have considered her headaches – which the ALJ concluded were a severe impairment – under Listing 11.03 to determine if Plaintiff was automatically entitled to disability benefits. The Commissioner contends that the ALJ was not required to consider Listing 11.03 explicitly and that the rest of the ALJ's opinion makes clear that Plaintiff's headaches did not satisfy Listing 11.03's requirements.

"The Listing of Impairments contains no specific entry for migraines or headaches; however, the SSA routinely considers these impairments under the criteria for Listing 11.03." *Cooper v. Berryhill*, No. 1:15-CV-1740, 2017 U.S. Dist. LEXIS 40204, at *7 (S.D. Ind. Mar. 21, 2017). As it applies to headaches, Listing 11.03 requires that the claimant suffer medically severe headaches

"occurring more frequently than once weekly in spite of at least three months of prescribed treatment . . . [w]ith alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day." 20 C.F.R. pt. 404, subpt. P, app. 1; *see also Cooper*, 2017 U.S. Dist. LEXIS 40204, at *8.

An "ALJ should mention the specific listings he is considering and his failure to do so, if combined with a 'perfunctory analysis,' may require remand." *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006) (citations omitted). In this case, the ALJ explicitly referenced only Listing 1.04 (spinal disorders). The Commissioner argues that the ALJ's RFC analysis appropriately addressed the nature and frequency of Plaintiff's headaches to demonstrate, by implication, that her headaches do not meet Listing 11.03's requirements. However, while the ALJ did point out that the frequency of Plaintiff's headaches varied, he did not resolve the conflicting evidence. AR 25-26. Plaintiff reported at least weekly headaches but also reported only two headaches per month. AR 26. If Plaintiff experienced more than one headache per week, and also suffered the other symptoms required by Listing 11.03, she may be entitled to benefits.

Defendants argue that the ALJ relied on Disability Determination and Transmittal forms prepared by state agency consultant physicians in assessing whether Plaintiff's severe impairments met any listed impairment. The consultants concluded that Plaintiff's severe impairments did not match any listed impairments. *See* AR 70-85, 86-105. While the consultants did not expressly discuss Listing 11.03 in their reports, they did note that the record "does not support the presence of listing level migraine frequency or severity." AR 74, 81, 91, 100.

An "ALJ may rely solely on opinions given in Disability Determination and Transmittal forms and provide little additional explanation only so long as there is no contradictory evidence in

the record." *Ribaudo*, 458 F.3d at 584 (citing *Scheck v. Barnhart*, 357 F.3d 697, 700-01 (7th Cir. 2004)). In this case, the ALJ did not discuss the state agency's findings about Plaintiff's headaches and Listing 11.03 in his opinion, and the Court cannot analyze the ALJ's decision based on information he did not address in his order. *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). As discussed above, there is contradictory evidence in the record about the frequency with which Plaintiff experiences headaches. Plaintiff said she experienced migraines "at least once a week" or "maybe twice a month." AR 54. The ALJ, rather than the Court, must resolve these contradictory pieces of evidence on remand. *Clifford*, 227 F.3d at 869 ("In our substantial evidence determination, we review the entire administrative record, but do not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner.").

B.    RFC Evidence

Plaintiff also argues that the ALJ's RFC was not supported by the evidence and that parts of it were contrary to the weight of the evidence. The Commissioner argues that the ALJ's RFC analysis was appropriately supported and appropriately addressed the record.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations.  *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1).  In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3).  Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and

provide enough analysis in his decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young,* 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to his conclusion." *Scott*, 297 F.3d at 595 (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

Plaintiff contends that the ALJ failed to discuss any limitations related to the side effects of her headaches. Plaintiff testified that her headaches last "a good couple hours until [her] migraine headache pill kicks in," that she has to lie down in a dark room, and that she "can't move" and feels "very nauseous" during a headache. AR 54, 60. The ALJ found that Plaintiff's headaches have "reportedly responded to medication, and no headache complaints were made for months at a time; therefore, additional limitations are not necessary to accommodate a frequency that would interfere with work-related activities, or attendance." AR 27.

However, Plaintiff reported headaches ranging from weekly to twice a month. AR 26, 54. Furthermore, Plaintiff's headache symptoms would likely affect her ability to complete full-time work. Specifically, if Plaintiff needed to go lie down for hours at a time and could not move, that would affect her ability to "do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184 (July 2, 1996). Even though the ALJ correctly stated that Plaintiff's headache's "responded to medication," AR 27, Plaintiff reported that it takes "a good couple hours" for her headache medication to relieve her symptoms. AR 54.

The ALJ appears to have ignored significant evidence of severe limitations related to Plaintiff's headaches and instead relied "only on the evidence that support[ed] [his] opinion." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir.

2013). This was improper, as an "ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) .

Accordingly, the Court is remanding for additional proceedings consistent with this Opinion. The ALJ is instructed to consider how Plaintiff's severe impairments, specifically her headaches, affected her RFC to the extent supported by the record.

## V. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the request contained in Plaintiff's Social Security Brief in Support of Remand for Further Proceedings [DE 14], **REVERSES** the Administrative Law Judge's decision, and **REMANDS** this matter to the Commissioner for further proceedings consistent with this Opinion.

So ORDERED this 30th day of March, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record